**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**MICHELLE COLLINS, et al.,**

      **Plaintiffs,**

v.                                          **ACTION NO: 2:05cv243**

**COMPUTERTRAINING.COM, INC., et al.,**

      **Defendants.**

## OPINION AND REMAND ORDER

This case is before the court on plaintiffs' motion to remand. For the reasons stated below, the motion is GRANTED and the case REMANDED to state court for lack of subject matter jurisdiction.

### I.  Factual and Procedural Background

Plaintiffs filed the instant lawsuit on February 10, 2005, in the Circuit Court for the City of Chesapeake, claiming damages of $75,000 per plaintiff for breach of contract, fraud, breach of warranty, and violation of the Virginia Consumer Protection Act, Va. Code § 59.1-196 et seq.  In its answer to plaintiffs' Motion for Judgment, defendant ComputerTraining.com, Inc., admits that it is a Maryland corporation. See Answer, ComputerTraining.com, Inc., at ¶ 11.  In a separately-filed answer, defendant ComputerTraining.com, Inc., of Chesapeake, Virginia, L.L.C., admits that it is a Maryland corporation doing business in Chesapeake, Virginia.  See Answer, ComputerTraining.com, Inc., of Chesapeake

Virginia, L.L.C., at ¶ 12.  For purposes of this opinion, both of these entities will be referred to collectively as "ComputerTraining."[1]

ComputerTraining is in the business of offering computer classes to consumers who wish to become certified in various software systems, such as Microsoft Windows.  Plaintiffs are all residents of Virginia who paid for a six-month computer training program which, according to plaintiffs, ComputerTraining promised would lead to certifications.  The lawsuit arises out of various misrepresentations allegedly made by defendants regarding the quality and extent of training provided to students.  Compl. at ¶¶ 29-37.  ComputerTraining timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441, on April 22, 2005.  The other two defendants in the case, Key Bank, U.S.A., and SML Financial Corporation, consented to removal.  Burch Aff. at 2.

Since removal, a number of motions have been filed by the parties.  On April 22, 2005, ComputerTraining filed a motion for misjoinder, a motion to compel arbitration and to stay proceedings pending arbitration, and a motion to dismiss.  ComputerTraining also filed answers to the Motion for Judgment on April 22, 2005.

---

[1] The nature of the relationship between ComputerTraining.com, Inc., and ComputerTraining.com, Inc., of Chesapeake, Virginia, L.L.C., is unclear.  However, for disposition of the motion to remand, the relationship of the two entities is irrelevant.  The reason for remand of this case is not affected by the defendants' relationship, as removal was based on federal question jurisdiction.

On May 10, 2005, defendants Key Bank, U.S.A., and SML Financial Corporation were voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1), leaving only defendants ComputerTraining in the case.  On May 17, 2005, plaintiffs filed a motion to remand the case to state court and a motion for an extension of time in which to respond to ComputerTraining's motion to dismiss. ComputerTraining responded to both of these motions on May 26, 2005.  The motion to remand is ripe for review.  Plaintiffs have not responded to any of the motions filed by defendants, and the deadline for filing any responses has long passed.  Because the court finds the motion to remand to be dispositive, no other motions will be addressed in this Opinion and Remand Order.

## II.  **Motion to Remand**

Plaintiffs argue in their Motion to Remand to State Court that removal was inappropriate because there is no federal question jurisdiction.  While plaintiffs sue for breach of warranty under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310, they claim that the amount in controversy does not satisfy the $50,000 minimum requirement for federal jurisdiction under the statute.  See 15 U.S.C. § 2310(d)(3)(B).  Plaintiffs claim that they are only seeking attorney's fees, not damages, under the MMWA. Pls.' Mem. in Supp. of Pls.' Objection to Removal and Mot. to Remand to State Ct. at 2-3.  Plaintiffs additionally filed a Stipulation and Disclosure on June 3, 2005, stating that they seek

3

no damages under the MMWA.

The MMWA is an "unusual" statute in that it permits consumers to sue on state-law warranty claims in federal court, regardless of whether the parties are of diverse citizenship. See Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 956 (7th Cir. 1998). The MMWA reads, in pertinent part, as follows:

> (1) . . . a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief–
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this sub-section.
> (2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorney's fees based on actual time expended) . . . .

15 U.S.C. § 2310. Paragraph (3)(B) of § 2310 then states that no claim shall be cognizable in a suit brought under paragraph (1)(B) if "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all [warranty] claims to be determined in this suit . . . ." Id.

Indisputably, plaintiffs have the right to structure their complaint to ask for any sum of damages under whatever laws or statutes they wish. However, the plain language of the MMWA does not permit a party to file a claim under that statute seeking *no*

4

damages. It seems that plaintiffs want to fend off removal yet still be entitled to attorney's fees under federal law in litigating their state-law warranty claims. Plaintiffs cite no cases supporting this interpretation of the MMWA, and it is clearly in contravention to the plain language of the statute.

Specifically, plaintiffs' interpretation of the statute is belied by paragraph (1), which states that a consumer "may bring suit for *damages and other legal and equitable relief.*" Id. (emphasis added). If plaintiffs claim no damages under the MMWA, they are not entitled to the attorney's fees provision in paragraph (2), because they are not entitled to bring suit under the MMWA at all. As plaintiffs' Motion for Judgment does not specify how the $75,000 per plaintiff ad damnum breaks down between all the various state-law claims, and since plaintiffs have since filed a stipulation stating they are seeking no damages under the MMWA, the court cannot find that plaintiffs have suffered any damages cognizable under the MMWA, let alone $50,000 worth, for breach of warranty.

Defendants argue that plaintiffs have claimed actual damages for breach of warranty and that these damages exceed $50,000; thus, removal was appropriate based on federal question jurisdiction. Defendants point to paragraph 63 of the Motion for Judgment, which states: "As a direct and proximate result of Computertraining's breach of the express warranties, Plaintiffs, each of them, have

5

incurred actual damages." Defendants also note that paragraphs 1 through 59 are explicitly incorporated into Count 3 of the Motion for Judgment (the MMWA claim), and paragraph 40 states that plaintiffs seek $75,000 each in damages.

While the court agrees with defendants that plaintiffs' Motion for Judgment is inconsistent with their most recent stipulation that no damages are sought under the MMWA, even if the court were to find that plaintiffs have requested damages under the MMWA, defendants have not shown that the damages sought under the MMWA equal or exceed $50,000. First, it is well-established in this circuit and in others that attorney's fees and costs may not be used to satisfy the jurisdictional amount. See Saval v. BL Ltd., 710 F.2d 1027, 1032 (4th Cir. 1983). Second, courts have held that pendent state law claims cannot be used to fulfill the jurisdictional amount. See, e.g., Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270, 1272 (11th Cir. 1998); Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1071 (5th Cir. 1984); Donahue v. Bill Page Toyota, Inc., 164 F. Supp. 2d 778 (E.D. Va. 2001). Thus, the mere fact that plaintiffs are seeking more than $50,000 in damages, spread across the entire lawsuit, is not enough to give this court jurisdiction over the MMWA claim. Plaintiffs must be seeking $50,000 in damages for breach of warranty under the MMWA. There is no proof that plaintiffs intended to allocate the $75,000 per plaintiff ad damnum in this manner, particularly given the

stipulation that they seek no damages under the MMWA.

Plaintiffs are seeking to "have their cake and eat it too" by suing under a federal law to obtain an award of attorney's fees but stipulating that no damages are sought under federal law in order to keep the case out of federal court. The court will not tolerate such a guise and accepts plaintiffs' stipulation that no damages are sought under the MMWA as an amendment to the Motion for Judgment. Accordingly, because plaintiffs are not claiming any damages under the MMWA, *they have no cause of action under that statute*, and there is no basis for federal jurisdiction over this lawsuit. Even if plaintiffs had never filed their Stipulation and Disclosure, the court could not retain jurisdiction of this case without proof that the MMWA claims amount to $50,000. In the absence of such proof, and in recognition of plaintiffs' Stipulation and Disclosure, this case is REMANDED for further proceedings in the Circuit Court of the City of Chesapeake. The court notes that plaintiffs' Stipulation and Disclosure is a filed pleading which is now a part of the record in this case and will remain binding on plaintiffs in state court. Based on that stipulation, plaintiffs have no MMWA claim for damages in this lawsuit, and thereby no claim for attorney's fees under that statute.

The Clerk is DIRECTED to send a copy of this Opinion and Remand Order to counsel for all parties.

7

**IT IS SO ORDERED.**

/s/Rebecca Beach Smith
_____
  UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

July      7, 2005